**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4422

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANNETTE STOKER, a/k/a Teresa Annette Stoker,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:11-cr-00366-TDS-1)

Submitted:  March 13, 2013          Decided:  March 18, 2013

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.   Robert Michael Hamilton, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Annette Stoker pleaded guilty pursuant to a plea agreement to two counts of bank fraud, in violation of 18 U.S.C. §§ 1344(2), 2 (2006). The district court sentenced Stoker to forty-one months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the reasonableness of the sentence. Stoker was informed of her right to file a pro se supplemental brief, but she has not done so. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

Because Stoker did not move in the district court to withdraw her guilty plea, we review the plea hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Stoker must establish that an error occurred, was plain, and affected her substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court fully complied with the requirements of Federal Rule of Criminal Procedure 11, and ensured that Stoker's plea was knowing and voluntary.

We review Stoker's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51

2

(2007).  This review requires consideration of both the procedural and substantive reasonableness of the sentence.  Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).  After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable.  United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).  Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing.  The court fully

3

evaluated and resolved Stoker's objections to the presentence report. Upon resolution of the objections, the court accurately calculated and considered as advisory Stoker's amended Guidelines range. The court then heard argument from counsel and allocution from Stoker. The district court considered the 18 U.S.C. § 3553(a) (2006) factors and explained that the within-Guidelines sentence was warranted in light of the extensive nature of Stoker's fraudulent scheme, the number of victims affected, and the need to provide adequate deterrence. Counsel does not offer any grounds to rebut the presumption on appeal that Stoker's within-Guidelines sentence is substantively reasonable and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Stoker.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Stoker's conviction and sentence. This court requires that counsel inform Stoker, in writing, of the right to petition the Supreme Court of the United States for further review. If Stoker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stoker.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>